IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ABDUL HAKEEM SAALIH, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2:24-626 |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| PITTSBURGH POLICE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

### I.  MEMORANDUM

For the reasons that follow, the Motions to Dismiss Plaintiff's *pro se* Complaint filed by Defendants L'Asilo Daycare and Katherine Smith ("Daycare Defendants") (Doc. 20); Allegheny County District Attorney's Office and Chris Avetta ("DA Defendants")[1] (Doc. 28); and Pittsburgh Police (Doc. 30), will be granted.  Additionally, all remaining claims against Defendants Pittsburgh Police Review Board, Citizens Police Review Board, L'Asilo Daycare Employees and Carmela Puca, will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).  The designation of the document Plaintiff filed at Doc. 43 as a "Motion" will be stricken.

    A.    **Background**

Viewing the allegations in the Complaint as true, and taking into consideration Plaintiff's

---

[1] Plaintiff's Complaint identifies Defendant Chris Avetta as a daycare employee.  Defendant L'Asilo, however, has stated it has no record of an employee with this or any similar name.  The District Attorney's Office, on the other hand, has identified Defendant Avetta as a former Deputy District Attorney who was a county prosecutor at the time relevant to Plaintiff's Complaint.  *See* Br. Supp. DA Defs.' Motion (Doc. 29) at 1; Daycare Defs.' Motion (Doc. 20) at 2, n.3.  Counsel for the DA's Office represents Defendant Avetta and has filed a joint motion to dismiss on behalf of them.  *See* Doc. 28.  Consistent with these representations, the Court will treat Mr. Avetta as a DA Defendant.  To the extent Plaintiff persists in identifying Mr. Avetta as a daycare employee, the claims against him fail for the additional reasons set forth in Section I.B.1, *infra*.

*pro se* status, this case asserts Section 1983 civil rights violations against Defendants arising out of an incident that occurred outside Defendant L'Asilo Daycare. Specifically, Plaintiff alleges that, on or about April 14, 2023, employees of the Daycare asked him to "keep moving" from the sidewalk in front of their premises and then called 911 when he refused. *See* Doc. 1 (Complaint). Subsequently, the police assigned to respond to the call "added the false charges to violate [Plaintiff's] rights to freedom of access to public property and freedom of assembly." Id. Section III.A. Plaintiff claims that the false charges included open lewdness and disorderly conduct, which the common pleas court judge ultimately dismissed. *See* id. Plaintiff's Section 1983 claim asserts discrimination, racial profiling, defamation of character, violation of religious liberty and peaceful assembly, Islamophobia and malicious prosecution against Defendants. *See* id. Section II.B.[2] The Complaint seeks damages for pain and suffering and emotional distress. Id. Sections IV, V.

      **B.**      **Pending Motions to Dismiss**

      **1.**      **Daycare Defendants' Motion to Dismiss (Doc. 20)**

The Complaint must be dismissed against the Daycare Defendants because Plaintiff's allegations, taken as true, fail to establish that the Daycare Defendants were state actors within the meaning of Section 1983. *See* Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995). The sum total of Plaintiff's allegations against the Daycare Defendants are that: a daycare employee called 911; the criminal affidavit against him falsely indicated that the daycare employees saw him committing the charged crimes; and, when the employees saw Plaintiff

---

[2] Although the Complaint also indicates that Plaintiff is bringing a Bivens claim against federal officials, no federal officials are named as defendants or referenced in the body of the Complaint. *See* Complaint, Section II.A. Accordingly, a Bivens claim cannot proceed as a matter of law. *See* Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 70 (2001) ("The purpose of Bivens is to deter individual federal officers from committing constitutional violations.").

again, they "ran inside with the children" because their names had been used to falsely charge him.  Complaint Section III.  There is no allegation that the Daycare is a public entity, and public records indicate that it is a private organization.  See Daycare Defs.' Mot. to Dismiss (Doc. 20), Ex. A.

Typically, non-governmental parties are not state actors subject to Section 1983 claims.  See Mateen v. Am. Pres. Lines, No. CIV.A. 12-6849 CCC, 2013 WL 3964808, at *3 (D.N.J. July 13, 2013).  Although a narrow exception exists where the conduct of a private party may be "fairly attributable to the state, . . . [s]uch circumstances are rare," and the plaintiff bears the burden of proving this exception.  Id. (citations omitted).  An action taken by a private party is "not converted into one under color of state law merely by some tenuous connection to state action."  Groman v. Twp. of Manalapan, 47 F.3d 628, 639 (3d Cir. 1995).  That is, "the issue is not whether the state was involved in some way in the relevant events, but whether the action taken can be fairly attributable to the state itself."  Id.

Here, the Complaint asserts no facts whatsoever, let alone sufficient facts, to indicate that the Daycare Defendants' alleged actions are "fairly attributable to the state" or otherwise constitute state action.  Even accepting Plaintiff's allegations as true, it is well-established that private individuals do not become state actors under Section 1983 simply by accusing someone of a crime, even if those accusations are knowingly false and/or lead to the initiation of criminal proceedings.  See Daycare Defs.' Br. Supp. (Doc. 21) at 5-6 and cases cited therein.[3]  Because Plaintiff has not, and cannot, plausibly allege that the Daycare Defendants were state actors within the meaning of the law, amendment would be futile, and the Daycare Defendants' Motion

---

[3] It likewise is immaterial to the state action analysis whether the daycare holds any state-issued licenses or is subject to state-promulgated regulations.  See Mateen, 2013 WL 3964808, at *4.

to Dismiss Plaintiff's claims against them will be granted, with prejudice.[4]

### 2. DA Defendants' Motion to Dismiss (Doc. 28)

As an initial matter, Plaintiff's Complaint against the DA Defendants must be dismissed because it contains insufficient allegations against them. The Complaint's only averment even remotely pertinent to the DA's Office is its assertion that the office "pushed through" charges that a "corrupt police officer" filed against Plaintiff without asking "a few basic questions," and that the charges ultimately were dismissed by the judge. Compl. Section II.D. Additionally, as previously discussed, the Complaint fails to allege any facts specific to Defendant Avetta in his capacity as a former Deputy District Attorney. See id. Such bare-bones allegations simply cannot survive a 12(b)(6) motion to dismiss. See Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) ("[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

To the extent Plaintiff takes issue with DDA Avetta's conduct, or the conduct of any other individual prosecutor, in connection with the pursuit of the criminal charges at issue, the doctrine of prosecutorial immunity bars his claims in any event. As the DA Defendants explain, "[t]he decision to initiate a prosecution is at the core of a prosecutor's judicial role," and, thus, "[a] prosecutor is absolutely immune when making this decision, even where he acts without a good faith belief that any wrongdoing has occurred." DA Defs.' Br. Supp. (Doc. 29) at 6-7 (quoting Kulwicki v. Dawson, 969 F.2d 1454, 1465 (3d Cir. 1992)); see also Buckley v.

---

[4] The Daycare Defendants correctly note in their Reply (Doc. 32) that Plaintiff's Opposition Brief (Doc. 23) impermissibly relies on numerous facts not alleged in his Complaint. "It is axiomatic, however, 'that the comp[laint] may not be amended by the briefs in opposition to a motion to dismiss.'" Barosh v. Ramirez, No. 1:19-CV-322, 2020 WL 416844, at *5 (M.D. Pa. Jan. 27, 2020) (quoting Pennsylvania ex rel. Zimmerman v. PepsiCo, Inc., 836 F.2d 173, 181 (3d Cir. 1988)). Even if the allegations set forth in Plaintiff's opposition papers were properly before the Court, they are insufficient to plausibly suggest state action or otherwise overcome the Daycare Defendants' grounds for dismissal. See id.

Fitzsimmons, 509 U.S. 259, 273 (1993) (immunity extends to all "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State"). Absolute prosecutorial immunity applies to protected conduct even where the prosecutor brings groundless charges, utilizes false witness testimony or acts in concert with others. *See, e.g.*, Burns v. Reed, 500 U.S. 478, 490 (1991); Ireland v. McDaniel, 10-cv-387, 2011 WL 860390, at **9-10 (W.D. Pa. Jan. 27), *report and recommendation adopted*, 2011 WL 860346 (W.D. Pa. Mar. 9, 2011); *see also* Ernst v. Child and Youth Servs. of Chester Cnty., 108 F.3d 486, 502 (3d Cir. 1997) (prosecutor's subjective state of mind is irrelevant).

Because the Complaint's allegations against the individual prosecutor(s) in Plaintiff's case concern the decision to prosecute him and the handling of his case once that decision was made, the prosecution is immune from liability for those actions. Accordingly, the motion to dismiss such claims will be granted.

Plaintiff also has failed to state a plausible Monell claim against the District Attorney's Office. As set forth above, the Complaint's allegations against the DA's Office are threadbare at best. Moreover, it is clear from Plaintiff's opposition brief that he conflates the DA's Office with the behavior of its employees. *See* Doc. 33. It is well-established, however, that "a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 690 (1978); *see also* Connick v. Thompson, 563 U.S. 51, 60 (2011). Instead, a Plaintiff seeking to impose liability on a municipality under Section 1983 must "identify a municipal 'policy' or 'custom' that caused the plaintiff's injury." Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown, 520 U.S. 397, 403 (1997). Here, the pleading fails to identify a DA's Office policy or custom that allegedly caused

Plaintiff's alleged injuries and likewise is devoid of facts suggesting that those injuries were caused by a training failure or inadequacy. For these additional reasons, Plaintiff's claims against the District Attorney's Office will be dismissed.

### 3. Pittsburgh Police Motion to Dismiss (Doc. 30)

The Motion to Dismiss filed by Defendant Pittsburgh Police will be granted, with prejudice, because the department is not a proper party subject to suit under Section 1983. As courts within this circuit have explained, "a police department is a sub-unit of the local government and, as such, is merely a vehicle through which the municipality fulfills its policing functions. Thus, while a municipality may be liable under § 1983, a police department, as a mere sub-unit of the municipality, may not." Smierciak v. City of Pittsburgh Police Dep't, No. 2:18-CV-00734-MJH, 2018 WL 6790312, at *5 (W.D. Pa. Dec. 26, 2018) (citation omitted) (collecting cases); *see also, e.g.*, Johnson v. City of Erie, Pa., 834 F. Supp. 873, 878-79 (W.D. Pa. 1993); Mikhaeil v. Santos, 646 F. App'x 158, 163 (3d Cir. 2016). Even if liberally construed as a claim against the municipality itself, the Complaint contains zero allegations that the City filed false charges against Plaintiff pursuant to a municipal custom or policy sufficient to trigger Monell liability.

### C.     Plaintiff's Underlying Theories of Liability

Due to the Complaint's numerous threshold deficiencies discussed above, the Court need not address the adequacy of Plaintiff's underlying theories of liability. The Court notes, however, that, to the extent Plaintiff relies on a "malicious prosecution" theory, his claims fail because he has not alleged, and – based on the factual scenario set forth in the Complaint and Plaintiff's responses in opposition – cannot establish, the fifth element of a malicious prosecution cause of action, *i.e.*, that he "suffered a deprivation of liberty consistent with the concept of

seizure as a consequence of a legal proceeding." DiBella v. Borough of Beachwood, 407 F.3d 599, 601 (3d Cir. 2005). As the Court of Appeals clarified in DiBella, a party's compelled attendance at a trial or hearing – the only "deprivation" alleged in the instant Complaint – does not satisfy this requirement. See id. at 603; see also id. ("The type of constitutional injury the Fourth Amendment is intended to redress is the deprivation of liberty accompanying prosecution, not prosecution itself."); Basile v. Twp. of Smith, 752 F. Supp. 2d 643, 659 (W.D. Pa. 2010).

For the reasons set forth in the DA Defendant's Brief in Support (Doc. 29), which the Court adopts as sound, Plaintiff's remaining theories of liability likewise are either inadequately pleaded or are not recognized causes of action. See DA Defs.' Br. Supp. (Doc. 29) at 9-11 (noting, *inter alia*, that the Complaint fails to identify Plaintiff's race or any similarly-situated individuals of a different race who were treated differently; that Section 1983 liability does not include claims for defamation or slander; and that the Complaint makes only passing and conclusory reference to other affronts such as interference with peaceful assembly, violations of religious liberty and "Islamophobia").

**D. The Complaint Against All Remaining Defendants Must Be Dismissed Under Section 1915(e).**

Having been granted leave to proceed *in forma pauperis* ("IFP"), Plaintiff is subject to the screening provisions in 28 U.S.C. § 1915(e). See Atamian v. Burns, 236 F. App'x 753, 755 (3d Cir. 2007) ("[T]he screening procedures set forth in [Section] 1915(e) apply to [IFP] complaints filed by prisoners and non-prisoners alike.") (citations omitted). Among other things, the screening provisions require a court to dismiss an action that is frivolous or malicious or fails to state a claim on which relief may be granted. El-Bey v. U.S., 619 F. App'x 53, 54 (3d Cir. Oct. 13, 2015).

7

In this case, the sum total of Plaintiff's substantive allegations against the remaining Defendants – Carmella Puca, "L'Asilo Daycare Employees," Pittsburgh Police Review Board and Citizens Police Review Board – suffer many of the same, if not all, defects as the claims against the Moving Defendants discussed above. First, Plaintiff has failed to state a plausible claim against Defendant Puca because she was a private daycare employee and not a state actor subject to Section 1983 liability. The generic catch-all "L'Asilo Daycare Employees," in addition to being impermissibly vague, suffers the same infirmity. Second, the Complaint fails to levy any actionable allegations against the Police Review Board,[5] and the Court can conceive of none that would subject the Review Board to liability under any plausible construction of the facts of this case. Accordingly, Plaintiff's claims against these Defendants are dismissed with prejudice.

### E.     Plaintiff's Miscellaneous "Motion" (Doc. 43)

Plaintiff filed a document at ECF No. 43, that the Clerk's Office captioned as a "Renewed Motion to Enforce Judgment." Upon closer examination, the document is more akin to an opposition and/or reply brief in which Plaintiff appears to reiterate that his state criminal proceeding and the instant civil rights lawsuit are two separate proceedings. He also he restates his intent to assert herein a Section 1983 malicious prosecution claim related to that prior state proceeding. *See* Doc. 43. Because this document is not in the nature of a motion, the Clerk's motion designation is stricken. The Court, however, has considered the contents of the document in resolving the pending motions to dismiss.

---

[5] Although the docket lists "Pittsburgh Police Review Board" and "Citizens Police Review Board" as two separate parties, public records indicate that they are one in the same, and properly identified as the City of Pittsburgh "Independent Citizen Police Review Board." *See* https://cprbpgh.org/; 6 Pittsburgh Code § 662.01. The only grievance the Complaint asserts against the Review Board is that they "did not find that the Police did anything wrong." Complaint Section V.

## II.  ORDER

Consistent with the foregoing, the Motion to Dismiss (Doc. 20) filed by the Daycare Defendants is **GRANTED** and the Complaint against the Daycare Defendants is **DISMISSED WITH PREJUDICE** for the reasons stated in the Memorandum Opinion.

The Motions to Dismiss (Docs. 28, 30) filed by the DA Defendants and Defendant Pittsburgh Police, respectively, are **GRANTED WITHOUT PREJUDICE.**  Should Plaintiff wish to attempt curative amendments, limited to these Defendants, his deadline for doing so is **March 31, 2025**.  Should Plaintiff amend, he must make last, best efforts to state viable claims, because further opportunity for amendment will not be afforded.  If Plaintiff elects not to amend, he may file a notice on the docket, so indicating, to avoid additional delay.  Defendants' deadline to answer or otherwise respond, if the pleadings are amended, is 14 days after the filing of the amended complaint.

It is **FURTHER ORDERED** that any and all remaining claims against Defendants Carmella Puca, L'Asilo Daycare Employees, Pittsburgh Police Review Board and Citizens Police Review Board are **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B).

The designation of the document at ECF No. 43 as a motion is stricken as more fully stated in the Memorandum Opinion**.**

IT IS SO ORDERED.

March 18, 2025                                                          s/Cathy Bissoon
                                                                                      Cathy Bissoon
                                                                                      United States District Judge

cc (via ECF email notification):

Abdul Hakeem Saalih
All Counsel of Record